UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:13-cr-0004-JMS-DML |
| | ) | |
| WILLIAM MILLS, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson on February 12, 2013, directing this magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on February 12, 2013, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  All proceedings were held on February 27, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 27, 2013, Mr. Mills appeared in person with his appointed counsel, Joseph M. Cleary.  The government appeared by Nicholas Surmacz, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C.  § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Mills of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Mills questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Mills and his counsel, who informed the court they had reviewed the Petition and that Mr. Mills understood the violations alleged. Mr. Mills waived further reading of the Petition.

3. The court advised Mr. Mills of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Mills was advised of the rights he would have at a preliminary hearing. Mr. Mills stated that he wished to waive his right to a preliminary hearing.

4. Mr. Mills stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Mills executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Mills of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Mills, by counsel, stipulated that he committed Violation Numbers 1 through 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not illegally possess a controlled substance."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |

On August 20, 2012, the offender tested positive for marijuana and admitted using it frequently. The offender advised the probation officer he wanted treatment for his addiction but had no money. The probation officer arranged drug treatment via a local provider but then could not locate the offender to provide him with the information. The offender moved in September 2012 and did not inform the probation officer of his whereabouts. The probation officer located the offender in November 2012 and continued drug testing.

On November 26, December 18, 2012, and January 25, 2013, the offender submitted urine specimens which tested positive for marijuana. The offender claimed he stopped using marijuana on November 26, 2012.

| | |
|---|---|
| 4 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

On August 20, 2012, the offender advised the probation officer he may soon move into his sister's house in Richmond, Indiana. On September 25, 2012, the probation officer attempted to contact the offender at his residence, but was advised he had moved in with his sister on Parry Avenue in Richmond. No specific address was given. On October 15 and 30, 2012, the probation officer attempted contact with the offender at his sister's residence but no contact was made. On October 30, 2012, the probation officer also attempted contact with the offender at his place of employment but was advised the offender did not work there. On October 19, 2012, a letter was mailed to the offender's residence but it was returned "attempted not known." On November 9, a violation

3

       letter was mailed and addressed to his sister's address. On November 14, 2012, the offender called the probation officer and admitted he had not been living with his sister but was residing with his girlfriend at another residence in Richmond.

  5  **"The defendant shall participate in an approved program of outpatient, inpatient or detoxification substance abuse treatment, which will include drug and alcohol testing to determine if the defendant has reverted to substance abuse."**

       On September 10, 2012, the probation officer arranged for the offender to receive a one month "scholarship" at the Centerstone Drug Treatment agency; however, the probation officer was unable to locate the offender until November 14, 2012.

       The offender began drug treatment on November 19, 2012, and was discharged from treatment on January 9, 2013, for excessive absences.

  7.  The court placed Mr. Mills under oath and directly inquired of Mr. Mills whether he admitted the violations of his supervised release as set forth above. Mr. Mills admitted the above violations.

  8.  Counsel for the parties and the USPO further stipulated to the following:

    a)  Mr. Mills has a relevant criminal history category of II (U.S.S.G. § 7B1.4(a)).

    b)  The most serious grade of violation committed by Mr. Mills constitutes a Grade B violation (U.S.S.G. § 7B1.1(b)).

    c)  According to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Mills is 6-12 months.

    d)  The appropriate disposition of the case would be modification of Mr. Mills's supervised release as follows: (a) Mr. Mills will enter a substance abuse treatment program within 45 days, which he will regularly attend; and (b) Mr. Mills will successfully complete the substance abuse treatment program.

  The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant,

WILLIAM MILLS, violated the above-specified conditions in the Petition and that the modifications to which the parties and the USPO have agreed are appropriate.  The defendant's supervised release is therefore **MODIFIED** as follows:  (a) Mr. Mills will enter a substance abuse treatment program within 45 days, which he will regularly attend; and (b) Mr. Mills will successfully complete the substance abuse treatment program.

The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C).  Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying the terms and conditions of WILLIAM MILLS's Supervised Release.

IT IS SO RECOMMENDED.

Date:  03/05/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Joseph M. Cleary
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

United States Probation Office

United States Marshal